E. S. PRICKETT, Respondent, v. OTTO PETERSON, Sheriff of Divide County, North Dakota, Appellant.

(179 N. W. 718.)

**Fraudulent conveyances — good faith, purchase for value, and change of possession of automobile held for jury.**

1. In an action for a conversion of an automobile seized by a sheriff upon a warrant of attachment, where the plaintiff claims to have previously purchased the same from the judgment debtor, it is *held* that the questions of whether such purchase was made in good faith and for value, and whether there was an actual change of possession and delivery of such automobile, were, upon the evidence, questions of fact for the jury.

**Fraudulent conveyances — evidence sustaining verdict for plaintiff in conversion of automobile.**

2. The jury, by its verdict, awarded plaintiff damages in the sum of $350. *Held*, that the verdict is supported by the evidence.

Opinion filed October 23, 1920.

Appeal from District Court of Divide County, Honorable *Frank E. Fisk*, Judge.

Judgment affirmed.

*Brace & Stuart* and *John E. Greene,* for appellant.

"Where circumstances under which a transfer of property by a debtor is made are suspicious, the failure of the parties to testify or to produce available, explanatory, and rebutting evidence is a badge of fraud." 20 Cyc. 450.

*Moody O. Eide* and *Greenlead & Wooledge,* for respondent.

The question of the delivery and possession of the automobile was a question of fact for the jury. Rosenbaum Bros. & Co. v. Hayes, 5. N. D. 476.

GRACE, J. This action is one in conversion brought by the plaintiff against defendant, to recover the value of a certain Overland 79 model B. touring car, alleged to be of the value of $500. The answer denies plaintiff's ownership of the car, or the conversion thereof by the defendant, and the value thereof.

As a further defense, defendant claims that he seized the automobile upon a warrant of attachment, in an action where one E. M. Truax is plaintiff and Charles Alton defendant; and that the property was taken by him as the property of Charles Alton, under the belief that the same belonged to the said Alton; and that he still holds it in that way, subject to the order of the court.

The plaintiff claims, and offered evidence to prove, that sometime prior to the attachment he purchased the automobile from Alton, for whom he was working in the operation of a coal mine, for the sum of $200, $96 of which he claimed to have been paid in cash, and the balance by giving Alton credit for indebtedness from Alton to plaintiff, amounting to $104.

It further appears that, on about the 2d day of June, 1919, the plaintiff had filed a claim of lien against the mine property for $309.90, for his work as a miner therein from February 1st to the 29th day of May, 1919, and which he claimed was owing by the owner or owners of the mine to him.

There is some substantial evidence showing the delivery of the car by Alton to plaintiff, some two weeks after the time of the purchase. After the service of the writ of attachment on plaintiff, and after defendant had taken possession of the car thereunder, the plaintiff served notice upon him of a third party claim. The defendant was furnished an indemnity bond by the plaintiff, in the case of Truax v. Alton, and thereupon refused to deliver the car to plaintiff.

There is evidence that Alton was quite deeply indebted to various creditors at about the time of the sale by him, of the automobile to plaintiff. The evidence shows that plaintiff got a receipt from Alton for the $96 cash paid, but the same was lost. There was no bill of sale of the car from Alton to plaintiff.

At the time of the sale plaintiff was in the employ of Alton. At the time of the sale, the car was not in working order, and was being repaired, and was not turned over to plaintiff for about two weeks there-

after. At the time defendant took possession of the automobile, plaintiff asserted his right thereto.

There is evidence showing that after the car was repaired Alton brought it over and delivered it to the plaintiff at his place. Alton testified that he sold the plaintiff the car about April 25th, and that it was worth from $350 to $400; and that the sheriff took it away from plaintiff about two weeks after he had delivered it to him.

The case was tried to the court and a jury. The jury returned a verdict in plaintiff's favor for the sum of $350. Upon this verdict judgment was entered in plaintiff's favor. The only error assigned is the insufficiency of the evidence to sustain the verdict and judgment.

The question now is not whether the verdict or judgment is sustained by a preponderance of the evidence, but whether there is any substantial evidence in the record to support them. We think, upon examination of the evidence, that it is sufficiently substantial to show a sale of the car to plaintiff, in good faith and for a valuable consideration, at a time prior to the levy of the attachment. This, we think, is shown by the testimony of Alton, Hickman, and the plaintiff.

We are of the opinion, further, that the evidence shows that in making the sale there was no violation of § 7221, Comp. Laws 1913. We think the evidence was sufficient, so that the jury could infer there were two debts owing to plaintiff,—one, an individual debt from Alton to him, and the other, the company debt from the operators of the coal mine,—and that the individual debt, together with the $96 in cash, was the consideration for the sale.

The evidence is not very definite as to the company debt. However, the lien statement, together with slight testimony relative to that indebtedness, was some evidence of that indebtedness.

Alton, the operator of the coal mine, as well as the plaintiff in this case, were witnesses, and defendant had full opportunity, on cross-examination, to ascertain from them any further details in regard to the company debt, if he desired to do so.

It is clear the judgment should be affirmed. It is affirmed. Respondent is entitled to his costs and disbursements on appeal.